UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60980-CIV-MARRA/JOHNSON

BARBARA WISH,

Plaintiff,

vs.

MSC CROCIERE S.A., and
MSC CRUISES (USA) INC.,

Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendants' Motion to Tax Costs [DE 56 and 59]. The motion is fully briefed and ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

Defendants seek costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920.

The particular items that may be taxed as costs are set out in 28 U.S.C. § 1920:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Although the decision to award costs is discretionary with the Court, it may only tax those items specifically enumerated in 28 U.S.C. § 1920, absent alternative statutory authority. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987); EEOC v. W & O, Inc., 213 F.3d 600, 620 (11th Cir. 2000).  Defendants seek costs in the amount of $125.00 for witness fees and mileage, $160.00 for subpoena service, $7,560.06 for deposition costs and $5,587.16 for copies of paper.

Pursuant to § 1920(1), "[f]ees of the clerk and marshal" may be taxed as costs. The Eleventh Circuit has held that § 1920(1), read in conjunction with 28 U.S.C. § 1921, authorizes a court to tax private process servers' fees as costs, provided that their rates do not exceed the cost of having the U.S. Marshal's Service effectuate service. W&O, Inc., 213 F.3d at 623-24. When the U.S. Marshal's Service serves process, its rate is $55 per hour for each item served, plus travel costs and any other out-of-pocket expenses. See 28 C.F.R. § 0.114(a)(3) (setting costs for service of process).

Defendants seek reimbursement for the service of the following subpoenas: (1) Florida Division of Worker's Compensation in the amount of $110.00; (2) South Miami Hospital in the amount of $36.00[1]; (3) Antonio Carilli in the amount of $160.00; (4) State Farm Insurance Company in the amount of $190.00 and (5) Lucy Ridgeway in the amount of $75.00.  Most of these charges exceed the amount charged by the U.S. Marshal Service.  Defendants have not substantiated that more than one hour of time was needed to serve any of these individuals.  Nor

---

[1] Defendant paid for two subpoenas to be served on this entity.

have Defendants provided evidence of travel costs or other out-of-pocket expenses incurred in effectuating service.  Hence, the Court will only award $55.00 for service of each person, unless a lower cost was actually incurred.  Therefore, Defendants are entitled to $256.00 in total for service under § 1920.

With respect to costs for witness fees, the Eleventh Circuit has stated that "[a] witness who appears before a federal court . . . is entitled to fees and allowances, including an attendance fee of $40 per day for each day's attendance."  Morrison v. Reichold Chemicals, Inc., 97 F.3d 460, 463 (11th Cir. 1996) citing 28 U.S.C. § 1821(a)(1) & (b) (internal quotation marks omitted).  In their motion, Defendants state that they seek $125.00 for witness fees and mileage "paid to certain witnesses." (DE 56 at 3.)  Although Defendants do not identify for which witnesses they seek these fees, the supporting documentation includes invoices for an attendance fee in the amount of $125.00 for Giuseppi Castellanos and $85.00 for Beth Ceterina.  These expenses exceed the aforementioned fee.  As such, the Court will reduce this fee to $80.00.

Under 28 U.S.C. § 1920, taxable costs may include fees of the court reporter for "all and any part of the stenographic transcript necessarily obtained for use in the case."  The Eleventh Circuit has held that the taxation of deposition costs falls within the parameters of this section. United States Equal Employment Opportunity Commission v. W & O, Inc., 213 F.3d 600, 620 (11th Cir. 2000). ("Though 1920(2) does not specifically mention a deposition . . . depositions are included by implication in the phrase 'stenographic transcript.'") "The question of whether the costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially 'necessarily obtained for use in the case.'" Id. at 620-21.  "[A] deposition taken within the proper bounds of discovery will normally be deemed to be 'necessarily obtained

3

for use in the case' and its costs will be taxed unless the opposing party interposes a specific objection that the deposition was improperly taken or unduly prolonged." George R. Hall, Inc. v. Superior Trucking Co., 532 F. Supp. 985, 994 (N.D. Ga. 1982) quoting Jeffries v. Ga. Residential Fin. Auth., 90 F.R.D. 62, 63 (N.D. Ga. 1981).  Likewise, depositions relied upon for summary judgment motions are taxable. Helms v. Wal-Mart Stores, Inc., 808 F. Supp. 1568, 1572 (N.D. Ga. 1981), aff'd, 998 F.2d 1023 (11th Cir. 1993). By contrast, "where the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." W & O, 213 F.3d at 620 quoting Goodwall Const. Co. v. Beers Const. Co., 824 F. Supp. 1044, 1066 (N.D. Ga. 1992), aff'd, 991 F.2d 751 (Fed. Cir. 1993).  The Court will award the cost of deposition transcripts for the following witnesses: Barbara Wish, Antonino Carillo and Giuseppe Castellanos in the total amount of $1,031.40.

Photocopying are considered a taxable cost pursuant to 28 U.S.C. § 1920 if they are necessarily obtained for use in the case. See McGregor v. Board of County Commissioners for Palm Beach County, 130 F.R.D. 464, 465 (S.D. Fla. 1990).  The Eleventh Circuit has instructed that "in evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." W & O, 213 F.3d at 623.  It is not necessary that photocopies be used at trial or in any papers filed with the court to be taxable. Id. (rejecting argument that photocopies were not necessary because they were not used as court exhibits nor furnished to the court or opposing counsel). Charges for photocopies made merely for the convenience of counsel or the parties, however, are not taxable. Blevins v. Heilig-Meyers Corp., 184 F.R.D. 663, 668 (M.D. Ala. 1999);  Desisto College v. Town of

Howey-in-the-Hills, 718 F. Supp. 906, 913 (M.D. Fla.1989), aff'd, 914 F.2d 267 (11th Cir.1990); Allen v. Freeman, 122 F.R.D. 589, 591 (S.D. Fla. 1988).

With regard to the copying costs, Defendants have failed to establish the reasonable necessity of the overwhelming majority of their copying costs. As such, the Court will award $540.00 to Defendants for the cost of the mounted and laminated color chart.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Tax Costs (DE 56 and 59) is **GRANTED IN PART AND DENIED IN PART**.  The Court will separately enter judgment for Defendants.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 11th day of February, 2009.

_____
KENNETH A. MARRA
United States District Judge